UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK BRUMFIELD (#395469)

VERSUS                                              CIVIL ACTION

SHIRLEY COODY, ET AL                                NUMBER 07-64-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 14, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHEDRICK BRUMFIELD (#395469)

VERSUS

CIVIL ACTION

SHIRLEY COODY, ET AL

NUMBER 07-64-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of defendants Barrett Boeker, David Daigrepont and Charles Honeycutt. Record document number 93.[1] The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Shirley Coody, Lt. Barrett Boeker, Col. Charles Honeycutt, Sgt. David Daigrepont, Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, and Linda Ramsey.[2] Plaintiff alleged that: (1) between

---

[1] Defendants' motion to adopt the motion for summary judgment filed on behalf of Asst. Warden Shirley Coody was granted. Record document number 78, motion; record document number 94, order. Plaintiff was allowed 21 days to file his opposition or other response, if any, to the adopted motion for summary judgment. Plaintiff did not oppose the defendants' motion or otherwise respond to it. The motion for summary judgment filed by defendant Asst. Warden Coody was subsequently granted. Record document number 96.

[2] Defendant Boeker was identified as Lt. Boeker in the complaint. In his answer and subsequent filings he is identified as Major Barrett Boeker. Record document number 91. This Magistrate Judge's Report will refer to him hereafter as Maj.
(continued...)

November 2 and December 13, 2006, Asst. Warden Coody prohibited him from purchasing pens, pencils and paper from the canteen which interfered with his ability to litigate claims raised in another suit; (2) Secretary Stalder and Ramsey failed to respond to an emergency administrative grievance filed November 2, 2006; (3) on January 16, 2007, Asst. Warden Coody, Maj. Boeker, and Col. Honeycutt conducted a search of the plaintiff's cell; (4) on January 16, 2007, the plaintiff was sprayed with mace and beaten without provocation by Col. Honeycutt and Maj. Boeker while Asst. Warden Coody retaliated against him by failing to take any action to stop Maj. Boeker and, (5) Maj. Boeker instructed Sgt. Daigrepont to issue the plaintiff a false disciplinary report in retaliation for filing another civil rights complaint.[3]

Defendants Maj. Boeker, Sgt. Daigrepont and Col. Honeycutt moved for summary judgment relying on a statement of undisputed facts, the affidavits of Asst. Warden Coody and Tara Bonnette (original and supplemental affidavits), and the results of the Administrative Remedy Procedure.

Summary judgment is appropriate where there is no genuine

---

[2](...continued)
Boeker.
Plaintiff's Motion to Correct Service to join Charles Honeycutt as a defendant and to dismiss David Honeycutt was granted. Record document number 68, motion; record document number 76, ruling.

[3] The claims against Secretary Stalder and Ramsey were previously dismissed. Record document numbers 32 and 58.

issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### A. Official Capacity

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action.

3

*Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against these defendants insofar as they were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against them in their official capacity is also actionable under § 1983.

**B. Failure to Exhaust Administrative Remedies**

Defendants moved for summary judgment on the ground that the plaintiff failed to exhaust available administrative remedies regarding his claims that he was subjected to an excessive use of force and was issued a false disciplinary report in retaliation for filing another civil rights complaint.

Section 1997e of Title 42 of the United States Code provides

4

in pertinent part the following:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff signed his complaint on January 16, 2007, and it was filed on January 26, 2007.[4] In his complaint, the plaintiff alleged that on January 16, 2007, he was tripped, sprayed with mace and beaten without provocation by Col. Honeycutt and Maj. Boeker. Plaintiff further alleged that he was issued a false disciplinary report in retaliation for filing another civil rights complaint.

In Part II of the complaint form, the plaintiff acknowledged that there is an administrative grievance procedure at the penitentiary and stated that he presented the facts relating to his complaint in the grievance procedure.[5] In explaining the steps that he took, the plaintiff stated that he filed an emergency grievance but prison officials refused to acknowledge and answer the administrative grievance.[6]

The summary judgment evidence showed that prison officials have no record of the plaintiff filing an administrative grievance regarding the alleged excessive use of force and the retaliatory issuance of a false disciplinary report on January 16, 2007.[7]

Although the plaintiff did not oppose these defendants' motion for summary judgment, he opposed the motion for summary judgment

---

[4] Record document number 1.

[5] *Id*. at p. 2.

[6] *Id.*

[7] Record document number 93-3, exhibit 2 in globo; record document number 93-2, exhibit 1.

filed by defendant Asst. Warden Coody. In his opposition to her motion for summary judgment the plaintiff argued that he filed an administrative grievance on January 16, 2007, and it was sent through indigent mail on January 20, 2007.[8]

The Administrative Remedy Procedure is commenced when the inmate sends a letter to the warden briefly setting out the basis for his claim and the relief sought. La. Admin. Code, tit. 22, pt. I, § 325 G.1. The warden has 40 days from the date the request is received to respond at the first step. *Id*. An inmate dissatisfied with the first step response may appeal to the Secretary of the Department of Public Safety and Corrections. *Id*. at G.2. A final decision will be made by the Secretary and the inmate will be notified within 45 days of receipt. *Id*.

The record evidence supports a finding that the plaintiff's administrative grievance, signed on January 16, 2007, and mailed on January 20, 2007, was pending at the time he filed his civil rights complaint against the defendants.

Plaintiff failed to exhaust available administrative remedies before filing suit regarding his claims against defendants Maj. Boeker, Sgt. Daigrepont and Col. Honeycutt that he was subjected to an excessive use of force and was issued a false disciplinary report in retaliation for filing another civil rights complaint.

**C. Cell Search and Verbal Abuse**

---

[8] Record document number 83, p. 3.

Plaintiff alleged that on January 16, 2007, Asst. Warden Coody, Maj. Boeker, and Col. Honeycutt conducted a search of his cell and that his was the only cell searched that day. Plaintiff alleged that his personal belongings were knocked off a table and the defendants addressed him using a racial epithet.

The Fourteenth Amendment to the Constitution of the United States provides in pertinent part that no state shall deprive any person of life, liberty or property without due process of law. While imprisoned persons enjoy many protections of the Constitution, it is clear that imprisonment carries with it the circumscription or loss of many significant rights. *See, Bell v. Wolfish*, 441 U.S. 520,545, 99 S.Ct. 1861, 1877 (1979). Loss of freedom of choice and privacy are inherent incidents of confinement. *Bell v. Wolfish*, 441 U.S. at 537, 99 S.Ct. at 1873. The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. *Hudson v. Palmer*, 468 U.S. 517, 525, 104 S.Ct. 3194, 3200.

Allegations of verbal abuse alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert.*

*denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations regarding the use of offensive language is therefore insufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the adopted Motion for Summary Judgment Filed on Behalf of Defendants Boeker, David Daigrepont and Honeycutt be granted and this action be dismissed.

Baton Rouge, Louisiana, July 14, 2011.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE